RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE        5 - 16 - 05

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

ANN DROBOT,

    Plaintiff

V.

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC LONG TERM DISABILITY PLAN,

    Defendants

CIVIL ACTION NO

**10965 GAO**

MAGISTRATE JUDGE *Alexander*

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Ann Drobot ("Ms. Drobot"), brings this action against Defendants, Unum Life Insurance Company of America and UnumProvident Corporation (collectively referred to as "Unum") and the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz, Levin") Long Term Disability Plan ("Plan"), for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et. seq.* (ERISA). Ms. Drobot is a participant in the Plan, an ERISA welfare benefit plan whose claims administration is handled by Unum. The Plan is fully insured by a policy of insurance issued by Unum. The policy number is 38332.

2. This Complaint challenges the Defendants': 1) unreasonable and unlawful denial of Ms. Drobot's long term disability ("LTD") income benefits despite the

1

substantial medical evidence demonstrating Ms. Drobot's qualifications for said
benefits; 2) pattern of rejecting and/or ignoring the substantial evidence
supporting Ms. Drobot's total disability pursuant to the terms of the Plan; 3)
failure to provide Ms. Drobot with a full and fair review of her claim; 4) failure to
provide a reasonable claims procedure that would yield a decision on the merits of
Ms. Drobot's claim and 5) misclassification of Ms. Drobot's condition as mental
as opposed to physical in an attempt to limit their liability under the Policy.

3.  Ms. Drobot is filing this action to recover benefits due under the Plan, to enforce
the present rights existing therein, to clarify rights under the terms of the Plan, and
to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4.  This court has personal and subject matter jurisdiction over this case under 29
U.S.C. 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of
citizenship, in that the Plan is administered in this district.

## PARTIES

5.  Ms. Drobot is a 41-year-old individual who, at the time her benefits were denied,
lived in East Falmouth, Massachusetts. Ms. Drobot is a vested participant in an
employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Ms.
Drobot has standing to bring this action under 29 U.S.C. § 1132(a).

6.  The defendant, Unum, is a for-profit corporation with its principal place of
business at 2211 Congress Street, Portland, Maine. Unum transacts business in
Massachusetts and underwrites the Plan under which Ms. Drobot is suing. Unum
is the party responsible for processing the claims made under the Plan and making

2

a final determination as to Plan participants' eligibility for LTD benefits.

7. At all times relevant to the claims asserted in this Complaint, Unum purported to act as an ERISA claims fiduciary with respect to participants of the plan, generally, and specifically, with respect to Ms. Drobot, within the meaning of ERISA.

8. The defendant, UnumProvident Corporation, is a for-profit corporation with its principal place of business at 1 Fountain Square, Chattanooga, TN 37402. UnumProvident Corporation conducts business in Massachusetts and is the holding company for Unum, the party responsible for insuring the Plan under which Ms. Drobot is suing.

9. The Plan under which Ms. Drobot is suing is a "long-term disability plan" issued by Unum to Mintz, Levin, P.C. a for-profit corporation with its principal place of business at One Financial Center, Boston, Massachusetts 02111. The policy number is 38332.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

10. At the time she became disabled under the terms of the Plan, Ms. Drobot was an attorney at the law firm of Mintz, Levin, P.C., in Boston, Massachusetts.

11. As an employee of Mintz, Levin, P.C., Ms. Drobot was entitled to LTD benefits under a contract of insurance between Mintz, Levin, P.C. and Unum.

12. Unum both funds and administers the Plan under which Ms. Drobot is suing.

13. Under the terms of the Plan, neither Unum, nor Mintz, Levin, P.C. has discretionary authority to determine a claimant's eligibility for LTD benefits and

3

to interpret the terms and provisions of the Plan.

14. Under the terms of the Plan, each month Ms. Drobot is entitled to receive 60% of

her monthly earnings.

15. The maximum period of payment under the Plan is age 65.

16. The Plan defines "disability" and "disabled" as follows:

  1. you cannot perform each of the material duties of your regular
     occupation; or

  2. you, while unable to perform all of the material duties of your
     regular occupation on a full time basis, are:

                 a. performing at least one of the material duties of
                    your regular occupation or another occupation on a
                    part-time or full-time basis; and

                 b. earning currently at least 20% less per month than
                    your indexed pre-disability earnings due to that
                    same sickness or injury.

Note: For attorneys, "regular occupation" means the specialty in the practice
of law which you were practicing just prior to the date the disability started.

## Ms. Drobot's Claim for LTD Benefits

17. Ms. Drobot presented a timely claim to Unum, asserting that she is an insured

person, that she became totally disabled while insured, and that she is entitled

under the Plan to LTD benefits for the period of time beginning in June 2003,

when Unum wrongfully terminated her benefits, and continuing thereafter without

interruption through to the present, and continuing in the future until she reaches

the age of 65 or is no longer either totally or partially disabled.

**Onset of Disability and Diagnoses**

18. At the time she became disabled, Ms. Drobot was a senior associate in the environmental section of Mintz, Levin, P.C.

19. The areas of Ms. Drobot's practice focused on the development and litigation of complex environmental claims as well as the identification and allocation of environmental risk in corporate and real estate transactions.

20. On August 14, 1999, Ms. Drobot was rear-ended while she was driving in Hyannis, Massachusetts.

21. Ms. Drobot was wearing her seatbelt, but was leaning forward at the time her car was struck. As a result, Ms. Drobot's head collided with her head rest.

22. Ms. Drobot visited the Cape Cod Hospital Emergency Room after the accident with complaints of head and neck pain.

23. The Emergency Room Physician diagnosed Ms. Drobot with cervical and thoracic ligament strain with secondary muscle spasm.

24. On August 18, 1999, Ms. Drobot visited Massachusetts General Hospital Emergency Room, with complaints of dizziness and headaches.

25. After the accident, Ms. Drobot experienced both depression and severe cognitive difficulties while trying to perform her job as an environmental attorney.

26. Prior to her injury, Ms. Drobot received excellent employee reviews from her superiors. After the accident, Ms. Drobot's performance reviews deteriorated.

27. Despite her cognitive difficulties and deteriorating performance reviews, Ms. Drobot continued to work until July 27, 2001.

28. Ms. Drobot's symptoms include: fatigue, headaches, dizziness, attention and concentration difficulties, memory loss, organizational difficulties, difficulty in following-through with tasks, and depression.

29. Ms. Drobot initially was diagnosed with depression by Dr. Jamie Winnick in October of 2000.

30. After further consultation, Dr. Winnick diagnosed Ms. Drobot with post-concussive disorder as a result of her accident.

31. From July 2001 through April 2002, Ms. Drobot consulted with a neurologist, Stephen W. Parker, M.D. at Massachusetts General Hospital, regarding her post-concussive disorder.

32. Dr. Parker wrote in an April 2002 letter:

"There has been a definite improvement in dizziness, headaches and neck pain. There has been improvement in energy and depression. However, there is a persistence of impairment of cognitive functions of short-term memory and concentration. These deficits are secondary to the whiplash injury with a cerebral concussion that occurred at the time of the accident in August 1999. These symptoms are well-documented in Ms. Drobot and are and are well described in the literature on postconcussion syndrome. Because of these deficits of cognition, Ms. Drobot is unable to function in her previous position as an environmental lawyer. The deficits have been present for more than 2 ½ years. Therefore, it must be assumed that at least some of the deficits will be persistent."

6

33. Since the onset of her disability, Ms. Drobot has made many efforts to recover or to improve her health, including: 1) consultations with numerous physicians 2) consultations with neurophysiologists; 3) consultations with the Massachusetts General Hospital Sleep Laboratory; 4) obtaining a significantly less demanding job; 5) and meditative hobbies such as yoga.

## **Application for LTD Benefits**

34. Under the recommendation of her treating physician, Ms. Drobot applied for long-term disability benefits under her the Plan on January 7, 2002.

35. Unum responded to Ms. Drobot's claim in a letter dated January 9, 2002, stating that the review could not be completed because there was a "lack of information."

36. On February 1, 2002, Unum sent a letter to Ms. Drobot stating that her claim for benefits had been received.

37. In a letter dated March 14, 2002, Unum required an additional 30 day extension to determine whether Ms. Drobot was eligible for benefits.

38. On June 28, 2002, Unum denied Ms. Drobot's claim for long-term disability benefits.

39. On November 29, 2002, Ms. Drobot, through counsel, appealed the June 28, 2002 denial.

40. In a letter dated December 23, 2002, Unum indicated that no final decision had been made on Ms. Drobot's appeal.

41. On January 15, 2003, Unum requested a 45-day extension to make a determination on Ms. Drobot's appeal.

42. In a letter dated February 28, 2003, Unum upheld its June 28, 2002 denial of Ms. Drobot's long term disability benefits.

43. Ms. Drobot again appealed Unum's February 28, 2003 determination with the assistance of counsel.

44. In a letter dated June 13, 2003, Unum requested an additional 60 day extension to make a determination on Ms. Drobot's appeal.

45. In a letter dated June 30, 2003, Unum reversed its decision to deny Ms. Drobot's benefits and allowed benefits payable from January 24, 2002 to June 23, 2003.

46. Unum erroneously classified Ms. Drobot's condition as mental in nature, thereby allowing it to limit Ms. Drobot's benefits under the mental illness provision of the Plan.

47. The Plan limits benefits for disabilities due to mental illness to 24 months.

48. In a letter dated July 1, 2003, Unum requested additional information from Ms. Drobot in order to make a determination as to whether her benefits were payable under the mental illness provision beyond June of 2003.

49. Ms. Drobot's counsel sent Unum a letter dated October 29, 2004, indicating that the files that Unum requested were forthcoming.

50. Alleging that no information had been received, Unum closed Ms. Drobot's file in a letter dated October 31, 2003.

51. Ms. Drobot's counsel responded to Unum's decision to close her claim with a written request for Ms. Drobot's claim file and notice of an intention to appeal dated November 17, 2003.

52. On February 4, 2004, after receiving a copy of her claim file, Ms. Drobot

appealed Unum's determination with the assistance of counsel.

53. In a letter dated March 24, 2004, Unum requested an additional 45 days to make a determination on Ms. Drobot's appeal.

54. In a letter dated April 29, 2004, Unum denied Ms. Drobot's claim for long term disability benefits beyond June 23, 2003.

## **Vocational Rehabilitation**

55. After leaving Mintz, Levin, P.C., Ms. Drobot obtained a position with an organization named Children's Cove where she interviewed children who were reportedly abused.

56. Ms. Drobot's position at Children's Cove was a salaried position.

## **Summary**

57. Unum classified Ms. Drobot's condition as mental in an attempt to limit its liability under the terms of the Plan.

58. Ms. Drobot is disabled due to a physical condition.

59. Ms. Drobot remains disabled to this day as a result of the debilitating symptoms from her traumatic brain injury, a physical, and not mental, illness.

60. Ms. Drobot has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

61. Any discretion Unum may claim it is entitled to under the Plan is negated by its failure to provide Ms. Drobot with an explanation as to its adverse action.

62. Unum has failed to meet the minimum requirements for the denial of Ms. Drobot's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include

adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

63. Unum has also failed to meet the Plan requirements for review of claims that have been denied.

64. Ms. Drobot remains disabled as defined by the terms of the Plan to this day as a result of the debilitating symptoms of her conditions.

65. The Defendants failed to provide Ms. Drobot with a full and fair review of her claim for benefits.

66. Any discretion to which Defendants may claim it is entitled under the Plan is negated by its failure to provide Ms. Drobot with an explanation as to its adverse action and a full and fair review of his claim for benefits.

67. The decision to deny Ms. Drobot's benefits was wrongful, unreasonable, irrational, contrary to the substantial evidence, contrary to the terms of the Plan and contrary to law.

68. Unum was influenced by its financial conflict of interest, as both the administrator of the Plan and the payor of benefits thereunder, when it denied Ms. Drobot's benefits.

69. Due to the unlawful denial of benefits under ERISA, Ms. Drobot has been deprived of her rightful long-term disability benefits.

70. Ms. Drobot has also suffered emotional distress and an exacerbation of her physical condition as a result of Unum's actions.

71. Due to the unlawful denial of benefits under ERISA, Ms. Drobot has lost the use

of her long-term disability benefits.

72. Having exhausted the administrative procedures provided by the Defendants, Ms.

Drobot now brings this action.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

73. Ms. Drobot realleges each of the paragraphs above as if fully set forth herein.

74. The Plan is a contract.

75. Ms. Drobot has performed all of her obligations under the contract.

76. 29 U.S.C. § 1132(a)(1)(B) states that:

A civil action may be brought ---

  (1)   by a participant or beneficiary –

    (A)  for the relief provided for in subsection (c) of this section, or

    (B)  to recover benefits due to him under the terms of his plan, to
         enforce his rights under the terms of the plan, or to clarify his
         rights to future benefits under the terms of the plan.

77. The Defendants' actions constitute an unlawful denial of benefits under ERISA,

as provided in 29 U.S.C. § 1132(a)(1)(B).

78. The Defendants unlawfully denied Ms. Drobot's benefits in part by: (1) rejecting,

without any basis, the substantial evidence supporting Ms. Drobot's claim for

disability; and (2) denying Ms. Drobot a full and fair review of their decision to

deny her benefits.

79. In accordance with 29 U.S.C. § 1132, Ms. Drobot is entitled to be paid benefits

under the Plan based upon her disabled status from and after June 28, 2002, and

11

continuing into the present.

80. The Defendants have refused to provide Ms. Drobot with these disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

81. As a direct and proximate result of this breach, Ms. Drobot has lost the principal and the use of her rightful LTD benefits.

## SECOND CAUSE OF ACTION
## (Attorneys' Fees and Costs)
## (ALL DEFENDANTS)

82. Ms. Drobot realleges each of the paragraphs above as if fully set forth herein.

83. Under the standards applicable to ERISA, Ms. Drobot deserves to recover a reasonable attorney's fee and costs of the action herein, pursuant to section $502(g)(1)$ of ERISA, 29 U.S.C. § 1132(g).

84. The Defendants have the ability to satisfy the award.

85. Ms. Drobot's conduct in this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

86. The Defendants acted in bad faith in denying Ms. Drobot benefits under the Plan.

87. The award of attorney's fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

1. Declare, adjudge and decree that Ms. Drobot is entitled to ongoing LTD benefits as calculated under the terms of the Plan;

12

2.    Award Ms. Drobot the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-judgment interest as may be allowed by law;

3.    Order that the Defendants make restitution to Ms. Drobot in the amount of any losses sustained by Ms. Drobot in consequence of the wrongful conduct alleged herein, together with prejudgment interest;

4.    Award Ms. Drobot the costs of this action and reasonable attorney's fees; and

5.    Award such other relief as the court deems just and reasonable.

Dated: May 10, 2005                    Respectfully submitted for the Plaintiff,

By:    _____
       Mala M. Rafik
       BBO No. 638075
       ROSENFELD & RAFIK, P.C.
       44 School Street, Suite 410
       Boston, MA 02108
       617-723-7470

℀JS 44  (Rev. 3 99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANN DROBOT

**DEFENDANTS**

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, MINTZ LEVIN COHEN FERRIS GLOVKSY AND POPEO POPEO, PC LONG TERM DISABILITY PLAN

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mala M. Rafik
Rosenfeld & Rafik, P.C.
44 School Street, Suite 410
Boston, MA 02108
(617) 723-7470

Attorneys (If Known)

5 - 10965 ℀

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

**X** 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce ICC Rates etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety Health | ☐ 840 Trademark | ☐ 850 Securities Commodities |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor Mgmt. Relations | ☐ 863 DIWC DIWW (405(g)) | ☐ 893 Environmental Matters |
| | Injury | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **X** 791 Empl. Ret. Inc. | ☐ 871 IRS — Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

**x** 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Plaintiff files this action under ERISA, 29 U.S.C. §1132(a) to recover disability benefits due her under her long-term disability plan administered by UnumProvident Corporation and Unum Life Insurance Company of America.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  5·10·05
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____ Ann Drobot v. Unum Life Insurance Company of
   America _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___  V.     150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

              N/A _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?

                                                 YES ☐      NO  **X**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?  (SEE 28 USC §2403)

                                                 YES ☐      NO  **X**
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                 YES ☐      NO  **X**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?

                                                YES ☐      NO  **X**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                 YES  **X**      NO  ☐

        A.     IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

                 EASTERN DIVISION  ☐     CENTRAL DIVISION  ☐     WESTERN DIVISION  ☐

        B.     IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
              GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

                 EASTERN DIVISION  **X**     CENTRAL DIVISION  ☐     WESTERN DIVISION  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __MALA M. RAFIK__ _____

ADDRESS ____ROSENFELD & RAFIK, P.C., 44 SCHOOL STREET, SUITE 410, BOSTON, MA 02108_____

TELEPHONE NO. ___(617) 723-7470_____

(DrobotCatergory Form.wpd - 11/27/00)