UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN DROBOT,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC LONG TERM DISABILITY PLAN,

    Defendants.

CIVIL ACTION
Docket No: 05-10965 GAO

## ANSWER

Defendants Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident"), and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. Long Term Disability Plan (the "Plan") (collectively "Defendants) answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff challenges Unum's practices and decisions in relation to her claim; Defendants deny the truth of those allegations.

{W0375547 1}

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint relating to the fact that Plaintiff has filed this action to seek the identified remedies; Defendants deny that she is entitled to such remedies.

## JURISDICTION

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendants admit that Plaintiff is 41 years old. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resided at the time her claim for benefits was denied. The remaining allegations contained in Paragraph 5 state a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny that UnumProvident Corporation is "the holding company" for Unum; Defendants admit the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Plaintiff purports to sue under a long-term disability plan, policy number 38332, issued by Unum to Mintz, Levin P.C. Defendants are without knowledge

or information sufficient to form a belief as to whether Mintz, Levin P.C. is a for-profit corporation and the location of its principal place of business.

## STATEMENT OF FACTS

**Insurance, Entitlement, Definitions of Disability, Discretion**

10. Defendants admit that Plaintiff was an attorney at the firm of Mintz, Levin, P.C., in Boston, Massachusetts; Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and deny any allegations to the contrary.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and deny any allegations to the contrary.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and deny any allegations to the contrary.

**Ms. Drobot's Claim for LTD Benefits**

17. Defendants admit that Plaintiff submitted a claim to Unum, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

**Onset of Disability and Diagnosis**

18. Defendants admit that Plaintiff was an associate in the environmental section of Mintz, Levin P.C.; Defendants deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that Plaintiff provided Unum with an Emergency Center Report from Cape Cod Hospital dated August 14, 1999, the contents of which speak for themselves, and deny any allegations to the contrary.

23. Defendants admit that Plaintiff provided Unum with an Emergency Center Report from Cape Cod Hospital dated August 14, 1999, the contents of which speak for themselves, and deny any allegations to the contrary.

24. Defendants admit that Plaintiff provided Unum with a record from Massachusetts General Hospital, the contents of which speak for themselves, and deny any allegations to the contrary.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit that Plaintiff provided Unum with several employee reviews from her superiors, the contents of which speak for themselves, and deny any allegations to the contrary.

27. Defendants admit that Plaintiff continued to work until July 27, 2001; Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants admit that Plaintiff provided Unum with records of Dr. Jamie Winnick, including a record dated October 13, 2000, the contents of which speak for themselves, and deny any allegations to the contrary.

30. Defendants admit that Plaintiff provided Unum with records of Dr. Winnick, the contents of which speak for themselves, and deny any allegations to the contrary.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit that Dr. Stephen Parker, M.D., sent Unum a letter dated April 15, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

**Application for LTD Benefits**

34. Defendants admit that Plaintiff applied for long-term disability benefits on or about January 7, 2002; Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants admit that Unum sent Plaintiff a letter dated February 1, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

37. Defendants admit that Unum sent Plaintiff a letter dated March 14, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

38. Defendants admit that Unum sent Plaintiff a letter dated June 28, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

39. Defendants admit that Plaintiff's counsel sent Unum a letter dated November 29, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

40. Defendants admit that Unum sent Plaintiff's counsel a letter dated December 23, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

41. Defendants admit that Unum sent Plaintiff's counsel a letter dated January 15, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

42. Defendants admit that Unum sent Plaintiff's counsel a letter dated February 28, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

43. Defendants admit that Plaintiff sent Unum a letter dated February 28, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

44. Defendants admit that Unum sent Plaintiff's counsel a letter dated June 13, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

45. Defendants admit that Unum sent Plaintiff's counsel a letter dated June 30, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendants admit that Unum sent Plaintiff's counsel a letter dated June 30, 2003, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants deny that they "erroneously" classified Plaintiff's condition. Defendants further state that the terms of the Plan speak for themselves, and deny any allegations to the contrary.

47. In response to Paragraph 47 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and deny any allegations to the contrary.

48. Defendants admit that Unum sent Plaintiff's counsel a letter dated July 1, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

49. Defendants admit that Plaintiff's counsel sent Unum a letter dated October 29, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

50. Defendants admit that Unum sent Plaintiff's counsel a letter dated October 31, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

51. Defendants admit that Plaintiff's counsel sent Unum a letter dated November 17, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

52. Defendants admit that Plaintiff's counsel sent Unum a letter dated February 4, 2004, the contents of which speak for themselves, and deny any allegations to the contrary.

53. Defendants admit that Unum sent Plaintiff's counsel a letter dated March 24, 2004, the contents of which speak for themselves, and deny any allegations to the contrary.

54. Defendants admit that Unum sent Plaintiff's counsel a letter dated April 29, 2004, the contents of which speak for themselves, and deny any allegations to the contrary.

**Vocational Rehabilitation**

55. Defendants admit the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

**Summary**

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendants admit the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan / Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

73. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 72 of Plaintiff's Complaint.

74. Paragraph 74 of Plaintiff's Complaint states a legal conclusion to which no response is required.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. In response to Paragraph 76 of Plaintiff's Complaint, Defendants admit that the quotation is accurate, but deny that Plaintiff is entitled to relief under the quoted statute.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

82. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 81 of Plaintiff's Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendants admit the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

### FOURTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

### FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

### SIXTH DEFENSE

Each and every act or statement done or made by Defendants and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

**SEVENTH DEFENSE**

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

**EIGHTH DEFENSE**

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendants deny, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

**NINTH DEFENSE**

Defendants' decisions were neither arbitrary nor capricious.

**TENTH DEFENSE**

The nature of relief sought by Plaintiff is unavailable under ERISA.

**REQUESTED RELIEF**

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: July 28, 2005

John J. Aromando, BBO #545648
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Answer was served upon counsel for Plaintiff, via First Class Mail, postage prepaid, addressed as follows:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street
>Boston, MA 02108

DATED:  July 28, 2005

_____
John J. Aromando, BBO #545648